UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FITBIT, INC., <br>     Plaintiff, <br> v. <br> LAGUNA 2, LLC, et al., <br>     Defendants. | Case No. 17-cv-00079-EMC <br><br> **ORDER GRANTING IN PART AND DEFERRING IN PART PLAINTIFF'S EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER** <br><br> Docket No. 12 |

Plaintiff Fitbit, Inc., has filed suit against Defendants Laguna 2, LLC, and its managing partner, Joel Blank (collectively, "L2"), asserting claims for, *inter alia*, trademark infringement and trademark dilution in violation of federal law. Currently pending before the Court is Fitbit's motion for a temporary restraining order ("TRO") and other associated relief. A hearing was held on the motion on January 17, 2017. As indicated at the hearing and for the reasons stated on the record therein and as set forth herein, the Court hereby **GRANTS** in part and **DEFERS** in part Fitbit's motion.

> The standard for issuing a temporary restraining order is essentially the same as that for issuing a preliminary injunction. *See Missud v. State of Cal.*, No. C-14-1503 EMC, 2014 U.S. Dist. LEXIS 73376, at *1 (N.D. Cal. May 28, 2014). The moving party must demonstrate that: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of relief; (3) the balance of equity tips in its favor; and (4) the injunction is in the public interest. *See Beaty v. Brewer*, 649 F.3d 1071, 1072 (9th Cir. 2011) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008)).

*M/A-COM Tech. Sols., Inc. v. Integrated Semiconductor Serv.*, No. C-15-2423 EMC, 2015 U.S. Dist. LEXIS 73353, at *1-2 (N.D. Cal. June 5, 2015). The Ninth Circuit has adopted a sliding scale approach wherein the robustness of the requisite showing on the merits varies with the

1  balance of hardships; temporary injunctive relief may be issued where, *e.g.*, the likelihood of
2  success is such that serious questions going to the merits are raised and the balance of hardships
3  tips sharply in the plaintiff's favor.  *See Alliance For The Wild Rockies v. Cottrell*, 632 F.3d 1127,
4  1131-32 (9th Cir. 2011).

5  In the instant case, the Court finds that, based on the record submitted, Fitbit has submitted sufficient evidence to justify limited temporary injunctive relief.  More specifically, there are serious questions going to the merits because there is a good case for, *e.g.*, trademark infringement and unfair competition based on L2's marketing and packaging of the refurbished Fitbit product L2 sells.  Although L2 has since appeared to have taken steps to indicate that the refurbished product it sells are *not* being sold by Fitbit (*e.g.*, changing the packaging for the refurbished product and the wording on the accompanying warranty card), there is arguably still some lack of clarity, particularly with respect to the eBay website's description of the goods being sold by L2.[1]  Despite the disclaimers, it is not abundantly clear that there is no affiliation between the seller and Fitbit and that the items are not refurbished by Fitbit nor warranted by Fitbit.  Incorporating full and effective disclosures on eBay, etc., would impose no hardship on L2, whereas absent relief, Fitbit could suffer harm to its reputation as a result of consumer confusion.  Given the balance of hardships tips sharply in Fitbit's favor and its showing on the merits on this part of the claims, limited temporary injunctive relief is warranted.

19  Accordingly, under these circumstances, the Court concludes that Fitbit is entitled to limited temporary injunctive relief.  More specifically, L2 is hereby ordered to revise the description it provides to eBay for use on the eBay website (*i.e.*, to clarify that L2 is not affiliated with Fitbit and that the product being sold was not refurbished and is not warranted by Fitbit).  Comparable action should also be taken with respect to other retailers that L2 uses to sell its goods.  *See* note 1, *supra*.  The Court expects the parties to **immediately** meet and confer as to what language should be used for the eBay website (and potentially other retailers' websites).  L2

---

[1] At the hearing, counsel for L2 was not able to state whether L2 has been selling the refurbished products at issue through retailers other than eBay. To the extent L2 is selling to other retailers, the substance of this order is equally applicable to the other retailers' websites or other means of advertising.

shall also provide confirming evidence to Fitbit that L2 has in fact changed its product packaging and accompanying warranty card. **A stipulation regarding the language to be used on, *e.g.*, the eBay website shall be filed by January 20, 2017. L2 shall thereafter take corrective action no later than January 24, 2017**. Absent further order from the Court, this order granting limited temporary injunctive relief shall expire on February 2, 2017. Although this means that the relief shall last for sixteen (16) days rather than the fourteen (14) contemplated by Federal Rule of Civil Procedure 65(b), the Court finds that there is good cause for a brief two-day extension.

At this juncture, the above is the only temporary injunctive relief being awarded. To the extent Fitbit has asked for additional relief – *e.g.*, an order barring L2 from selling the 18,000 units of refurbished product currently in its possession, custody, or control (*i.e.*, until Fitbit has had an opportunity to inspect the product to see if it has previously been deemed "scrap" by Fitbit) – that request is denied without prejudice. Here, Fitbit has not made an adequate showing of serious questions going to the merits because, *e.g.*, it has not provided record evidence as to what scrap product is; what criteria it uses to deem a product "scrap"; what happens with scrap product (as well as "refurbishable" product); and whether scrap product is materially inferior to new or refurbished items. There is no evidence indicating what proportion of L2's product was destined for scrap and that the diversion of such products was unauthorized by Fitbit. Without a more robust evidentiary showing on the likelihood of success on the merits (particularly with respect to the infringement and dilution claims), and given that the full relief sought would impose more hardship on L2 than the disclosure relief ordered herein, the Court shall not grant such relief at this time.

As indicated at the hearing, however, the Court shall give Fitbit an opportunity to make an evidentiary showing to support further temporary injunctive relief and thus continues the TRO hearing. Fitbit shall file its supplemental brief and/or evidence by January 20, 2017. L2 shall file its responsive brief and/or evidence by January 26, 2017. **The Court shall hold a further hearing on the matter on February 2, 2017, at 1:30 p.m.** At the hearing, the parties shall also be prepared to address whether they are willing to stipulate to a continuation of the limited temporary injunctive relief awarded above.

As a final point, the Court notes that, to the extent L2 argues that the Court lacks personal jurisdiction over it, the Court is skeptical. *See D.light design, Inc. v. Boxin Solar Co., Ltd.*, 2015 U.S. Dist. LEXIS 161062 (N.D. Cal. Dec. 1, 2015) (discussing personal jurisdiction analysis in *Walden v. Fiore*, 134 S. Ct. 1115 (2014); noting that "[c]ourts that have interpreted *Walden* in the context of virtual contacts have generally found personal jurisdiction over defendants who conduct interactive online activities with forum residents or direct business to the forum state"); *see also* Blank Decl. ¶ 11 & Ex. A (stating that L2 "obtain[s] the [refurbished] Fitbit devices from a company called Cali Resources," which is based in California). To the extent L2 asserts that the case should be transferred to the District of New Jersey, the Court reserves ruling. The Court is inclined to await a decision by the New Jersey court as to whether it has personal jurisdiction over Fitbit. L2 has not adequately established that this Court cannot grant Fitbit interim relief in the meantime.

This order disposes of Docket No. 12.

**IT IS SO ORDERED**.

Dated: January 18, 2017

_____
EDWARD M. CHEN
United States District Judge

4