UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FITBIT, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>LAGUNA 2, LLC, et al.,<br><br>    Defendants. | Case No. 17-cv-00079-EMC<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**<br><br>Docket No. 62 |

Plaintiff Fitbit, Inc. has filed suit against multiple defendants, including Cali Resources, Inc. and its CEO and managing agent Carlos Kelvin (collectively, "CR Defendants"), asserting claims for, *inter alia*, trademark infringement.[1] Currently pending before the Court is the CR Defendants' motion to dismiss all claims asserted against Mr. Kelvin. Alternatively, the CR Defendants ask the Court to order Fitbit to provide a more definite statement – *i.e.*, to make distinct allegations as to how Cali Resources and Mr. Kelvin each engaged in wrongdoing. Having considered the parties' briefs, the Court hereby finds the matter suitable for resolution without oral argument. The Court therefore **VACATES** the hearing on the motions and **DENIES** both motions.

In the motion to dismiss, the CR Defendants argue that there are insufficient allegations to hold Mr. Kelvin responsible for any of the alleged wrongdoing. The CR Defendants acknowledge that, in ¶ 11 of the first amended complaint ("FAC"), Fitbit alleges as follows:

---

[1] The claims against all Defendants, including the CR Defendants and Laguna 2, LLC and its managing partner Joel Blank (collectively, the "L2 Defendants"), are as follows: (1) federal trademark counterfeiting and infringement; (2) federal trademark dilution, *see id.* § 1125; (3) federal unfair competition, *see id.*; and (4) California unfair competition. *See* Cal. Bus. & Prof. Code § 17200.

> Fitbit is informed and believes, and thereon alleges, that Defendant Kelvin, previously identified as DOE 2, is the CEO and managing agent of Defendant Cali, the supplier of the non-genuine and counterfeit "Fitbit" products and packaging sold by Defendants L2 and Blank, and that Defendant Kelvin resides in San Diego County, California. Fitbit is informed and believes, and thereon alleges, that Defendant Kelvin acts as the principal, director, and managing agent of Defendant Cali, and therefore, that Defendant Kelvin participated in, authorized, and directed the activities of Defendant Cali, as set forth in detail in this Complaint.

FAC ¶ 11. But, according to the CR Defendants, ¶ 11 is insufficient to hold Mr. Kelvin liable because therein "Fitbit merely labels Carlos Kelvin as CEO of Cali Resources and based solely on this label, it concludes that Carlos Kelvin should be held personally liable for the allegations in the complaint." Mot. at 3.

There are, however, other allegations in the FAC that go to the issue of Mr. Kelvin's liability. For example:

- In ¶ 40, Fitbit alleges that the "the supplier of these 'Fitbit' branded products to Defendants L2 and Blank is Defendant Cali, acting through its CEO Defendant Kelvin. Fitbit is informed and believes, and thereon alleges, that Defendants Cali and Kelvin also provided the counterfeit packaging to Defendants L2 and Blank. Fitbit is informed and believes, and thereon alleges, that Defendants Cali and Kelvin also provided the counterfeit 'Fitbit' branded cables and/or accessories that Defendants L2 and Blank ultimately trafficked in and resold to the market." FAC ¶ 40.
- Also, in ¶ 6, Fitbit alleges that "Defendants have even claimed that their inventory is 'legitimately' sourced." FAC ¶ 6.

Notably, Fitbit's good faith basis for the allegations in ¶ 6 is already a part of the record in this case. Before filing the FAC, which added the CR Defendants to the case, Fitbit asked the Court to issue a TRO against the L2 Defendants. In opposing the motion for a TRO, the L2 Defendants submitted a letter that they had received from Cali Resources. The letter, signed by Mr. Kelvin as Cali Resources's CEO, stated as follows:

> This letter is to certify, to an absolute certainty, that the Fitbit goods provided by us to L2 are not stolen items. *They are obtained legitimately through legal sources.* We are not at liberty to provide

2

> our supply chain but we would never, ever, purchase from a supplier
> that did not have the legal right to sell to us.

Docket No. 19-1 (Blank Decl., Ex. A) (letter) (emphasis added).

Accordingly, contrary to what the CR defendants argue, Fitbit is not in the FAC assigning liability to Mr. Kelvin solely because he is Cali Resources's CEO. Rather, the liability is predicated on his direction of and participation in the alleged trademark infringement and unfair competition. *See Comm. for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 823 (9th Cir. 1996) (stating that "'[a] corporate officer or director is, in general, personally liable for all torts which he authorizes or directs or in which he participates, notwithstanding that he acted as an agent of the corporation and not on his own behalf'")[2]; *see also Partners for Health & Home, L.P. v. Seung Wee Yang*, No. CV 09-07849 RZ, 2011 U.S. Dist. LEXIS 130921, at *9-10 (C.D. Cal. Oct. 28, 2011) (stating that "[a]n individual who personally directs a corporation in committing trademark infringement, or who personally commits those acts, is personally liable for that infringement" and that "[t]his is particularly true when a single individual is the corporation's sole shareholder, sole officer, and sole manager, and performs the infringing acts himself" – "[s]uch personal liability does not depend on piercing the corporate veil"); *Hewlett-Packard Co. v. Repeat-O-Type Stencil Mfg. Corp.*, No. C-92-3330 DLJ, 1995 U.S. Dist. LEXIS 22676, at *18 (N.D. Cal. Aug. 30, 1995) (stating that, "'[i]f an individual actively and knowingly caused the trademark infringement, he is personally responsible[;] [s]pecifically, a corporate officer who directs, controls, ratifies, participates in, or is the moving force behind the infringing activity, is personally liable for such infringement without regard to piercing of the corporate veil'").[3] The Court therefore denies the motion to dismiss all claims against Mr. Kelvin.

In the alternative, the CR Defendants argue that Fitbit must file and serve a more definite

---

[2] *High Desert* is binding Ninth Circuit authority.

[3] Some of the authority cited by the CR Defendants is not to the contrary. *See Monsanto Co. v. Haskel Trading*, 13 F. Supp. 2d 349, 354 (E.D.N.Y. 1998) (stating that, "while a corporate officer is not necessarily individually liable for torts committed on behalf of the corporation, personal liability for trademark infringement and unfair competition is established if the officer is a moving, active conscious force behind [the defendant corporation's] infringement") (internal quotation marks omitted). Other cases cited by the CR Defendants, however, are not on point – in particular, the patent infringement cases. *See* Mot. at 1-2 (citing, *inter alia*, Federal Circuit cases).

statement because it "fails to distinguish its allegations against Cali Resources and Kelvin, respectively." Mot. at 4. But the CR Defendants fail to take into account that, while there may be distinctions between the two (especially as discovery proceeds), it is enough for Fitbit to argue liability against both based on actions that Mr. Kelvin took on behalf of Cali Resources. The Court therefore denies the request for a more definite statement. To the extent the CR Defendants now suggest in reply that Fitbit's claims sound in fraud and therefore Rule 9(b)'s heightened pleading requirements are implicated, that position was never articulated in the opening brief and therefore the Court does not consider it.

This order disposes of Docket No. 62.

**IT IS SO ORDERED**.

Dated: April 26, 2017

_____
EDWARD M. CHEN
United States District Judge