UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FITBIT, INC., <br><br> Plaintiff, <br><br> v. <br><br> LAGUNA 2, LLC, et al., <br><br> Defendants. | Case No. 17-cv-00079-EMC <br><br> **ORDER DENYING DEFENDANTS' MOTION TO SHORTEN TIME; AND RESCHEDULING HEARINGS ON DEFENDANTS' MOTION TO MODIFY PRELIMINARY INJUNCTION AND MOTION FOR SUMMARY JUDGMENT** <br><br> Docket No. 139 |

In February 2017, the Court granted Fitbit's motion for a preliminary injunction as to the L2 Defendants. *See* Docket No. 52 (order). At the time of the order, the Fitbit had added the Cali Defendants as named defendants, *see* Docket No. 36 (first amended complaint), but the Cali Defendants had not yet made an appearance, and Fitbit had not yet moved for temporary or preliminary injunctive relief with respect to the Cali Defendants. The Court thus ordered Fitbit to file a motion with respect to the Cali Defendants to the extent Fitbit sought similar temporary or preliminary injunctive relief. *See* Docket No. 52 (Order at 5).

Shortly after the Court's order, Fitbit and the Cali Defendants reached a stipulation under which the preliminary injunction entered as to the L2 Defendants would likewise apply to the Cali Defendants. The Court signed the parties' stipulation on March 1, 2017. *See* Docket No. 56 (stipulation and order).

Now, almost nine months later, the Cali Defendants – along with Great Value – have moved for a modification of the preliminary injunction. *See* Docket No. 137 (motion). The Cali Defendants and Great Value ask for the modification motion to be heard on shortened time – more specifically, to be heard on December 14, 2017, the same date on which the Court will hear

Fitbit's motion to strike or dismiss the L2 Defendants and the Cali Defendants' counterclaims and certain affirmative defenses. The Cali Defendants and Great Value argue that it would be convenient to have the modification motion heard on December 14 given that the parties will already be appearing before the Court on Fitbit's motion to dismiss or strike. Implicitly recognizing that convenience is hardly dispositive, the Cali Defendants and Great Value also argue that the modification motion should be heard on December 14 so that they can sell some of the Fitbit products in their possession "prior to the end of the Christmas season." Mot. at 1.

The motion to shorten time is **DENIED**. As noted above, convenience may be a consideration for the Court in evaluating a motion to shorten time, but it is hardly dispositive. To the extent the Cali Defendants and Great Value request shortened time because of the Christmas season, the Court still is not persuaded. If the Cali Defendants and Great Value were truly concerned about the Christmas season, then they would have moved to modify the preliminary injunction well in advance of Christmas – *e.g.*, in October. The preliminary injunction has been in place since March 1, 2017. The Cali Defendants and Great Value fail to explain why they waited until the eleventh hour, so to speak, to seek relief.

Accordingly, the motion to shorten time is denied.

In addition, in light of the fact that the Cali Defendants and Great Value have now filed a motion for summary judgment, the Court now consolidates the hearings on the modification motion and the summary judgment motion. **Both motions shall be heard on January 10, 2018, at 9:30 a.m.** The briefing schedules for the motions shall remain the same.

This order disposes of Docket No. 139.

**IT IS SO ORDERED**.

Dated: November 22, 2017

_____
EDWARD M. CHEN
United States District Judge