Edward F. O'Connor (SBN 123398)
efo@avynolaw.com
**AVYNO LAW P.C.**
6345 Balboa Boulevard, Suite 208, Building I
Encino, CA 91316
Tel: 949.291.2894
Fax: 818.332.4205

Stephen M. Lobbin (SBN 181195)
slobbin@onellp.com
**ONE LLP**
12340 El Camino Real, Suite 220
San Diego, California
Tel: 858.333.5794
Fax: 949.258.5081

Attorneys for Defendants Cali Resources, Inc., Carlos Kelvin and Great Value, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FITBIT, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>LAGUNA 2, LLC, a New Jersey Limited Liability Company; JOEL BLANK, an individual; CALI RESOURCES, INC., a California corporation; CARLOS KELVIN, GREAT VALUE, LLC, a California Limited Liability Company; P-COVE ENTERPRISES INC. dba BUYERS CONSULTATION SERVICES, a California corporation; ENVIRONMENTAL LIQUIDATION, INC., a California corporation; JONATHAN MANHAN, an individual; FRANCIS MICHAEL BAKER aka MIKE BAKER, an individual; MI TECHNOLOGIES, INC. dba DISCOUNT MERCHANT, California corporation; AMIR TAFRESHI, an individual, INNOVATION ENTERPRISES, INC. dba THE MERCHANT KING, a California corporation; JOUBIN RAHIMI, an individual, and DOES 12-30, inclusive Defendants. | Case No. 3:17-cv-00079 EMC<br><br>**CALI DEFENDANTS' *EX PARTE* APPLICATION FOR RECONSIDERATION**<br><br><br><br>Date: January 10, 2018<br>Time: 9:30 a.m.<br>Ctrm: 5, 17TH Floor<br><br>Honorable Edward M. Chen |

1                                                          Case No. 3:17-cv-00079 EMC

1 **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2    **PLEASE TAKE NOTICE** that, on January 10, 2018 at 9:30 a.m. or as soon as the matter may be heard, in Courtroom 5 on the 17th Floor of the United States Court for the Northern District of California, San Francisco Courtroom, 450 Golden Gate Avenue, San Francisco, CA 94102, before the Honorable Edward M. Chen, or without a hearing on the matter, Cali Defendants ("Cali") will, and hereby does, respectfully move this Court *ex parte* with notice to opposing counsel, pursuant to Fed. R. Civ. Proc. Rules 6(c)(1) and 56(d) and Civil Local Rule 6-3 and 7-10, for an order to reconsider Court's order granting Plaintiff's motion to strike Cali's counterclaim relating to Custom's seizure of Cali's products.

   This Motion is based on the Notice of Motion; the Memorandum of Points and Authorities below; the Proposed Order; the Declaration of Carlos Kelvin in Support; and, such other supporting papers as may be submitted in connection with this Motion.

Dated:  January 8, 2018                Respectfully submitted,

                                       /s/ Edward F. O'Connor
                                       Edward F. O'Connor
                                       Stephen M. Lobbin

                                       *Attorney for Defendants*
                                       Cali Resources, Inc., Carlos Kelvin and
                                       Great Value LLC

**CALI DEFENDANTS' *EX PARTE* APPLICATION FOR RECONSIDERATION**

1     **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

2     On January 5, 2018, this Court granted Plaintiff's motion to strike the defamation claims

3  of Cali based upon Plaintiff's false representations to Customs. The sole basis for the Court's

4  decision was that Fitbit previously submitted a supplemental declaration from Miller:

5     (stating that the products purchased through the Groupon website were shipped in

6     counterfeit Fitbit packaging and with counterfeit charging cables and dongles

7     **falsely bearing Fitbit marks..**. and the photographs provided by Cali do not

8     establish that the Chargers and accessories (as opposed to the packaging) did not

9     bear any Fitbit trademark. Thus, Cali has failed to present a prima facie factual

10    showing on its libel claim.  (Emphasis in the original)

11    There are numerous reasons why this decision is in error.  First, that particular declaration

12 was nowhere presented in any of Fitbit's papers in support of its motion.  That declaration is not

13 presented in its moving papers and was not presented in its reply papers.  In addition, that

14 declaration and the issue raised by this Court, in its decision, were never even discussed at the

15 oral argument. In short, the Court's reliance on this particular declaration was a complete surprise

16 to Cali.  If this Court was going to rely on that declaration it should have informed Cali, and

17 provided Cali with an opportunity to respond.  Instead, this Court threw out a possible

18 multimillion dollar legitimate counterclaim based on a declaration submitted in support of a

19 different motion, many months ago.  This is totally unfair to Cali, particularly in view of the fact

20 that the sole basis set forth by Fitbit in support of its motion for summary judgment (which is

21 what an ANTI-SLAPP motion is, in reality) related entirely to the packaging. This Court's

22 finding, that Cali has provided evidence showing that the product, which was seized, was not in

23 any packaging using the Fitbit mark totally rebuts all of the arguments Fitbit made in its papers.

24 At a minimum, due process requires that Cali be entitled to respond to the basis for the Court's

25 decision, which basis came out of the blue and was a complete surprise to Cali.

26    The second reason the Court's reliance on that declaration is incorrect, is the fact that the

27 Court misread what the declaration says. The declaration, while poorly worded, is clearly stating

28 that the so-called counterfeit cables and dongles were contained within the counterfeit packaging.

Nowhere in that declaration, does Mr. Miller state that there were actual Fitbit markings placed on the cables and dongles by any of the Defendants.

The third reason the Court's reliance on that declaration is incorrect, is that the declaration is hearsay. At no time, in this case, has Fitbit presented any actual cables or dongles at all. In particular, it has presented no such products with any trademarks affixed to them. Mr. Miller's declaration, were it to be interpreted as the Court interpreted it, would mean that he would be testifying about the condition of products in Fitbit's possession without providing those actual products (direct evidence), so that the Court could see for itself whether or not there were false trademarks affixed to them.

Cali is submitting, with this application, the declaration of Carlos Kelvin, the president of Cali. In his declaration he states that all of the products seized by Customs contained original Fitbit cables and dongles. Had Fitbit attempted to raise that particular issue in its papers, the declaration would have been submitted in opposition to the motion. **Fitbit did not raise that issue because it knew that there were no counterfeit cables or dongles in the products seized by Customs to which its trademark was affixed.**

**The Miller declaration does not say that any of the "counterfeit" cables and dongles were in the products seized by Customs.** In fact, it says the opposite. It says products "purchased through Groupon". **Obviously the products seized by Customs were <u>not</u> sold through Groupon.**

In short, the Court's determination to grant summary judgment against Cali on its libel claim, regarding seizure of its products by Customs, was unfair and wrong as a matter of law. It is respectfully requested that the Court reconsider its decision; reinstate Cali's claim and reduce or remove the attorneys' fees awarded to Fitbit.

//

//

//

//

//

It should be noted that this same issue will be addressed at the upcoming hearing on Cali's motion to set aside or revise the injunction. It is because of the overlapping of these issues that Cali is submitting this motion as an ex parte emergency motion for hearing at the same time as the preliminary injunction hearing.

Dated: January 8, 2018                     Respectfully submitted,

/s/ Edward F. O'Connor
Edward F. O'Connor
Stephen M. Lobbin

*Attorney for Defendants*
Cali Resources, Inc., Carlos Kelvin and
Great Value LLC

# **PROOF OF SERVICE**

    I hereby certify that on January 8, 2018, I electronically transmitted the foregoing document using the CM/ECF system for filing, which will transmit the document electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies have been served on those indicated as non-registered participants.

Dated:  January 8, 2018                  /s/ Edward F. O'Connor