BROWN WHITE & OSBORN LLP
ATTORNEYS

# EXHIBIT A

BROWN WHITE & OSBORN LLP
THOMAS M. BROWN (Bar No. 117449)
CALEB E. MASON (Bar No. 246653)
MATTHEW G. WHITTEN (Bar No. 307410)
333 South Hope Street, 40th Floor
Los Angeles, California 90071-1406
Telephone: 213.613.0500
Facsimile: 213.613.0550
tbrown@brownwhitelaw.com
cmason@brownwhitelaw.com

Attorneys for Defendants
P-COVE ENTERPRISES INC. dba BUYERS CONSULTATION SERVICE, ENVIRONMENTAL LIQUIDATION, INC., JONATHAN MANHAN and FRANCIS MICHAEL BAKER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FITBIT, INC., a Delaware Corporation,

Plaintiff,

v.

LAGUNA 2, LLC, a New Jersey Limited Liability Company; JOEL BLANK, an individual; CALI RESOURCES, INC. dba BUY NOW FACTORY DIRECT, a California Corporation; CARLOS KELVIN, an individual; GREAT VALUE, LLC, a California Limited Liability Company; P-COVE ENTERPRISES INC. dba BUYERS CONSULTATION SERVICE, a California Corporation; ENVIRONMENTAL LIQUIDATION, INC., a California Corporation; JONATHAN MANHAN, an individual; FRANCIS MICHAEL BAKER aka MIKE BAKER, an individual; MI TECHNOLOGIES, INC. dba DISCOUNT MERCHANT, a California Corporation, AMIR TAFRESHI, an individual, INNOVATIVE ENTERPRISES, INC. dba THE MERCHANT KING, a California Corporation; JOUBIN RAHIMI, an individual, and DOES 12-30.

Case No.: 3:17-cv-00079-EMC

Judge: Hon. Edward M. Chen

DEFENDANT P-COVE ENTERPRISES INC. dba BUYERS CONSULTATION SERVICE'S INTERROGATORIES TO PLAINTIFF FITBIT, INC., SET TWO

BROWN WHITE & OSBORN LLP ATTORNEYS

BROWN WHITE & OSBORN LLP
ATTORNEYS

# EXHIBIT B

BROWN WHITE & OSBORN LLP
THOMAS M. BROWN (Bar No. 117449)
CALEB E. MASON (Bar No. 246653)
MATTHEW G. WHITTEN (Bar No. 307410)
333 South Hope Street, 40th Floor
Los Angeles, California 90071-1406
Telephone: 213.613.0500
Facsimile: 213.613.0550
tbrown@brownwhitelaw.com
cmason@brownwhitelaw.com

Attorneys for Defendants
P-COVE ENTERPRISES INC. dba
BUYERS CONSULTATION SERVICE,
ENVIRONMENTAL LIQUIDATION,
INC., JONATHAN MANHAN and
FRANCIS MICHAEL BAKER

BROWN WHITE & OSBORN LLP ATTORNEYS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FITBIT, INC., a Delaware Corporation,

Plaintiff,

v.

LAGUNA 2, LLC, a New Jersey Limited Liability Company; JOEL BLANK, an individual; CALI RESOURCES, INC. dba BUY NOW FACTORY DIRECT, a California Corporation; CARLOS KELVIN, an individual; GREAT VALUE, LLC, a California Limited Liability Company; P-COVE ENTERPRISES INC. dba BUYERS CONSULTATION SERVICE, a California Corporation; ENVIRONMENTAL LIQUIDATION, INC., a California Corporation; JONATHAN MANHAN, an individual; FRANCIS MICHAEL BAKER aka MIKE BAKER, an individual; MI TECHNOLOGIES, INC. dba DISCOUNT MERCHANT, a California Corporation, AMIR TAFRESHI, an individual, INNOVATIVE ENTERPRISES, INC. dba THE MERCHANT KING, a California Corporation; JOUBIN

Case No.: 3:17-cv-00079-EMC

Judge: Hon. Edward M. Chen

DEFENDANT FRANCIS MICHAEL BAKER'S INTERROGATORIES TO PLAINTIFF FITBIT, INC., SET ONE

BROWN WHITE & OSBORN LLP
ATTORNEYS

# EXHIBIT C

BROWN WHITE & OSBORN LLP
THOMAS M. BROWN (Bar No. 117449)
CALEB E. MASON (Bar No. 246653)
MATTHEW G. WHITTEN (Bar No. 307410)
333 South Hope Street, 40th Floor
Los Angeles, California 90071-1406
Telephone: 213.613.0500
Facsimile: 213.613.0550
tbrown@brownwhitelaw.com
cmason@brownwhitelaw.com

Attorneys for Defendants
P-COVE ENTERPRISES INC. dba
BUYERS CONSULTATION SERVICE,
ENVIRONMENTAL LIQUIDATION,
INC., JONATHAN MANHAN and
FRANCIS MICHAEL BAKER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FITBIT, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>LAGUNA 2, LLC, a New Jersey Limited Liability Company; JOEL BLANK, an individual; CALI RESOURCES, INC. dba BUY NOW FACTORY DIRECT, a California Corporation; CARLOS KELVIN, an individual; GREAT VALUE, LLC, a California Limited Liability Company; P-COVE ENTERPRISES INC. dba BUYERS CONSULTATION SERVICE, a California Corporation; ENVIRONMENTAL LIQUIDATION, INC., a California Corporation; JONATHAN MANHAN, an individual; FRANCIS MICHAEL BAKER aka MIKE BAKER, an individual; MI TECHNOLOGIES, INC. dba DISCOUNT MERCHANT, a California Corporation, AMIR TAFRESHI, an individual, INNOVATIVE ENTERPRISES, INC. dba THE MERCHANT KING, a California Corporation; JOUBIN RAHIMI, an individual, and DOES 12-30. | Case No.: 3:17-cv-00079-EMC<br><br>Judge: Hon. Edward M. Chen<br><br>DEFENDANT ENVIRONMENTAL LIQUIDATION, INC.'S INTERROGATORIES TO PLAINTIFF FITBIT, INC., SET ONE |

BROWN WHITE & OSBORN LLP ATTORNEYS

BROWN WHITE & OSBORN LLP
ATTORNEYS

# EXHIBIT D

BROWN WHITE & OSBORN LLP
THOMAS M. BROWN (Bar No. 117449)
CALEB E. MASON (Bar No. 246653)
MATTHEW G. WHITTEN (Bar No. 307410)
333 South Hope Street, 40th Floor
Los Angeles, California 90071-1406
Telephone: 213.613.0500
Facsimile: 213.613.0550
tbrown@brownwhitelaw.com
cmason@brownwhitelaw.com

Attorneys for Defendants
P-COVE ENTERPRISES INC. dba
BUYERS CONSULTATION SERVICE,
ENVIRONMENTAL LIQUIDATION,
INC., JONATHAN MANHAN and
FRANCIS MICHAEL BAKER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FITBIT, INC., a Delaware Corporation,

Plaintiff,

v.

LAGUNA 2, LLC, a New Jersey Limited Liability Company; JOEL BLANK, an individual; CALI RESOURCES, INC. dba BUY NOW FACTORY DIRECT, a California Corporation; CARLOS KELVIN, an individual; GREAT VALUE, LLC, a California Limited Liability Company; P-COVE ENTERPRISES INC. dba BUYERS CONSULTATION SERVICE, a California Corporation; ENVIRONMENTAL LIQUIDATION, INC., a California Corporation; JONATHAN MANHAN, an individual; FRANCIS MICHAEL BAKER aka MIKE BAKER, an individual; MI TECHNOLOGIES, INC. dba DISCOUNT MERCHANT, a California Corporation, AMIR TAFRESHI, an individual, INNOVATIVE ENTERPRISES, INC. dba THE MERCHANT KING, a California Corporation; JOUBIN

Case No.: 3:17-cv-00079-EMC

Judge: Hon. Edward M. Chen

DEFENDANT JONATHAN MANHAN'S INTERROGATORIES TO PLAINTIFF FITBIT, INC., SET ONE

BROWN WHITE & OSBORN LLP ATTORNEYS

BROWN WHITE & OSBORN LLP
ATTORNEYS

# EXHIBIT E

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

circumvent the 25 interrogatory limit set by Fed. R. Civ. Proc. 33.

Based on the foregoing General and Specific Objections, Responding Party will not respond to this Interrogatory.

**INTERROGATORY NO. 3:**

If YOU denied Request for Admission No. 5 of Defendant P-Cove Enterprises Inc. dba Buyers Consultation Service's Requests for Admission, Set One, IDENTIFY all witnesses who have knowledge of facts which support YOUR denial and state what information each witness possesses.

**RESPONSE TO INTERROGATORY NO. 3:**

Responding Party incorporates the General Objections above as if set forth fully herein. In addition to its General Objections, Responding Party specifically objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege, protection or immunity. Responding Party further specifically objects to this Interrogatory on the ground that it is overbroad, unduly burdensome, and seeks discovery of matters not relevant to any claim or defense and not proportional to the needs of the case. Responding Party further specifically objects to this Interrogatory to the extent that it seeks documents that are not in Responding Party's possession, custody or control, but rather likely are in other Defendants', third party's, and/or Propounding Parties' possession, custody or control, and/or otherwise equally accessible to the Propounding Parties. Responding Party specifically objects to the Interrogatory as an impermissible effort to circumvent the 25 interrogatory limit set by Fed. R. Civ. Proc. 33.

Based on the foregoing General and Specific Objections, Responding Party will not respond to this Interrogatory.

**INTERROGATORY NO. 4:**

If YOU denied Request for Admission No. 6 of Defendant P-Cove Enterprises Inc. dba Buyers Consultation Service's Requests for Admission, Set One, state all facts which support YOUR denial.

respond to this Interrogatory.

**INTERROGATORY NO. 4:**

IDENTIFY all DOCUMENTS RELATING TO the evidence on which Brett Millar relied in Paragraph 20 of his Declaration in support of YOUR ex parte motion for entry of a Temporary Restraining Order, ECF No. 29, specifically his statement that: "Analysis by Fitbit quality engineers, acting at my direction, determined that this specific product does not meet Fitbit's quality control standards."

**RESPONSE TO INTERROGATORY NO. 4:**

Responding Party incorporates the General Objections above as if set forth fully herein. In addition to its General Objections, Responding Party specifically objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege, protection or immunity. Responding Party further specifically objects to this Interrogatory on the ground that it is overbroad, unduly burdensome, and seeks discovery of matters not relevant to any claim or defense and not proportional to the needs of the case. Responding Party further specifically objects to this Interrogatory to the extent that it seeks documents that are not in Responding Party's possession, custody or control, but rather likely are in other Defendants', third party's, and/or Propounding Parties' possession, custody or control, and/or otherwise equally accessible to the Propounding Parties. Responding Party specifically objects to the Interrogatory as an impermissible effort to circumvent the 25 interrogatory limit set by Fed. R. Civ. Proc. 33.

Based on the foregoing General and Specific Objections, Responding Party will not respond to this Interrogatory.

**INTERROGATORY NO. 5:**

State all facts RELATING TO all instances prior to YOUR AGREEMENT with BCS—specifically prior to May 12, 2015—that YOU have taken steps to prevent used FITBIT BRANDED products from being resold, including, but not limited to, marking and defacing such products.

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

BROWN WHITE & OSBORN LLP
ATTORNEYS

# EXHIBIT F

JEFFREY C. HALLAM (State Bar No. 161259)
E-Mail: *jhallam@sideman.com*
ZACHARY J. ALINDER (State Bar No. 209009)
E-Mail: *zalinder@sideman.com*
ELLEN P. LIU (State Bar No. 280459)
E-Mail: *eliu@sideman.com*
REBECCA K. FELSENTHAL (State Bar No. 303476)
E-Mail: *rfelsenthal@sideman.com*
SIDEMAN & BANCROFT LLP
One Embarcadero Center, Twenty-Second Floor
San Francisco, California 94111-3711
Telephone: (415) 392-1960
Facsimile: (415) 392-0827

Attorneys for Plaintiff
FITBIT, INC.

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

FITBIT, INC., a Delaware corporation,

Plaintiff,

v.

LAGUNA 2, LLC, et al.,

Defendants.

Case No. 3:17-cv-00079-EMC (EDL)

**PLAINTIFF FITBIT, INC.'S FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANTS P-COVE ENTERPRISES, INC. DBA BUYERS CONSULTATION SERVICE; ENVIRONMENTAL LIQUIDATION, INC.; JONATHAN MANHAN; AND FRANCIS MICHAEL BAKER AKA MIKE BAKER**

PROPOUNDING PARTY: Plaintiff Fitbit, Inc.

RESPONDING PARTY: Defendants P-Cove Enterprises, Inc. dba Buyers Consultation Service; Environmental Liquidation, Inc.; Jonathan Manhan; and Francis Michael Baker aka Mike Baker

SET NO.: One

Plaintiff Fitbit, Inc. hereby serves upon Defendants P-Cove Enterprises, Inc. dba Buyers Consultation Service, Environmental Liquidation, Inc., Jonathan Manhan, and Francis Michael Baker a.k.a. Mike Baker (the "BCS Defendants") the following Requests for Admission, each of which must be answered fully, separately, and pursuant in all respects to Rule 36 of the Federal

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

Rules of Civil Procedure.

## DEFINITIONS AND INSTRUCTIONS

1. "PERSON(S)" shall mean any natural person, firm, association, organization, partnership, business, trust, corporation, governmental or public entity or any other form of legal entity.

2. "YOU," "YOUR" or "YOURS" shall mean and refer to BCS Defendants P-Cove Enterprises, Inc. dba Buyers Consultation Service, Environmental Liquidation, Inc., Jonathan Manhan, Francis Michael Baker a.k.a. Mike Baker, and any of their principals, officers, directors, employees, agents, and/or any other PERSON acting on their behalf.

3. "Document" shall mean all documents, electronically stored information, and tangible things as described in Rule 34 of the Federal Rules of Civil Procedure, including without limitation all written and graphic matter and all other means of recording information, whether written, typed, transcribed, spoken, or in any other way produced, reproduced, or recorded, and including but not limited to: originals, drafts, computer-sorted and computer-retrievable information, copies and duplicates that are marked with any notation or annotation or otherwise differ in any way from the original. Documents includes but is not limited to all communications, correspondence, memoranda, reports, notes, minutes, contracts, agreements, statements of work, bills of lading, books, records, checks, vouchers, invoices, purchase orders, ledgers, spreadsheets, presentations, documents, diaries, logs, calendars, calendar entries, computer printouts, computer disks, card files, lists of persons attending meetings or conferences, sketches, diagrams, calculations, evaluations, analyses, directions, work papers, press clippings, sworn or unsworn statements, requisitions, manuals or guidelines, audit work papers, financial analyses, tables of organizations, charts, graphs, indices, advertisements and promotional materials, audited and unaudited financial statements, trade letters, trade publications, newspapers and newsletters, photographs, emails, voicemails, text messages, instant messages, imessages, chat messages of any kind, skype messages, videos, any other electronic or mechanical records, facsimiles, telegrams and telecopies, and audiotapes. Documents expressly includes any electronic records

BROWN WHITE & OSBORN LLP
ATTORNEYS

# EXHIBIT G

full therein. An answer to a Request is not intended to be a waiver of any applicable specific or general objection to such Request.

Without waiver of the foregoing, Responding Parties further responds as follows:

**<u>RESPONSE TO REQUESTS FOR ADMISSION</u>**

**<u>REQUEST FOR ADMISSION NO. 1:</u>**

Admit that the original of the document attached as Exhibit 1 is genuine.

***<u>RESPONSE TO REQUEST FOR ADMISSION NO. 1:</u>***

Notwithstanding, expressly reserving, and without waiving any and all substantive objections to this Request, Notwithstanding, expressly reserving, and without waiving any and all substantive objections to this Request, Responding Parties object to this Request as defective as to form. Propounding Party has addressed the Request to four (4) separate defendants, in violation of Fed. Rule Civ. Pro. 36. Federal Rule of Civil Procedure ("Rule") 36(a)(1) does not provide for joint responses by multiple parties. *Calloway v. Veal*, No. CIV S-09-2907 GEB, 2012 WL 929607, at *2 (E.D. Cal. Mar. 19, 2012) (denying Plaintiff's Motion to Compel because Plaintiff's Requests for Admission were improper in seeking joint responses from both Defendants). *See also* Rule 36(a) ("A party may serve on any other <u>party</u> a written request to admit, for the purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1)...") (emphasis added); Fed. R. Civ. Pro. 36(a)(4) (referring to a singular answering party). An objection to Rule 36 Requests as defective for seeking responses by multiple parties is proper. *Calloway*, 2012 WL 929607, at *4 (denying Plaintiff's Motion to Compel responses to Requests for Admission because the Requests sought joint responses from multiple parties).

**<u>REQUEST FOR ADMISSION NO. 2:</u>**

Admit that the original of the document attached as Exhibit 1 is a true and accurate reproduction of the original of that document.

***<u>RESPONSE TO REQUEST FOR ADMISSION NO. 2:</u>***

BROWN WHITE & OSBORN LLP ATTORNEYS

BROWN WHITE & OSBORN LLP
ATTORNEYS

# EXHIBIT H

JEFFREY C. HALLAM (State Bar No. 161259)
E-Mail: *jhallam@sideman.com*
ZACHARY J. ALINDER (State Bar No. 209009)
E-Mail: *zalinder@sideman.com*
ELLEN P. LIU (State Bar No. 280459)
E-Mail: *eliu@sideman.com*
REBECCA K. FELSENTHAL (State Bar No. 303476)
E-Mail: *rfelsenthal@sideman.com*
SIDEMAN & BANCROFT LLP
One Embarcadero Center, Twenty-Second Floor
San Francisco, California 94111-3711
Telephone: (415) 392-1960
Facsimile: (415) 392-0827

Attorneys for Plaintiff
FITBIT, INC.

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

FITBIT, INC., a Delaware corporation,

Plaintiff,

v.

LAGUNA 2, LLC, et al.,

Defendants.

Case No. 3:17-cv-00079-EMC (EDL)

**PLAINTIFF FITBIT, INC.'S SECOND SET OF INTERROGATORIES TO DEFENDANTS P-COVE ENTERPRISES, INC. DBA BUYERS CONSULTATION SERVICE AND ENVIRONMENTAL LIQUIDATION INC.**

PROPOUNDING PARTY: Plaintiff Fitbit, Inc.

RESPONDING PARTY: Defendant P-Cove Enterprises, Inc. dba Buyers Consultation Service and Environmental Liquidation Inc.

SET NO.: Two

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Fitbit, Inc. requests that Defendants P-Cove Enterprises, Inc. dba Buyers Consultation Service and Environmental Liquidation Inc. answer the following interrogatories in the above-captioned Action (the "Action").

SIDEMAN & BANCROFT LLP
LAW OFFICES
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

## DEFINITIONS AND INSTRUCTIONS

1. "PERSON(S)" includes any natural person, firm, association, organization, partnership, business, trust, corporation, governmental or public entity or any other form of legal entity.

2. "DOCUMENT" or "DOCUMENTS" shall mean all documents, electronically stored information, and tangible things as described in Rule 34 of the Federal Rules of Civil Procedure, including without limitation all written and graphic matter and all other means of recording information, whether written, transcribed, taped, filmed, microfilmed, or in any other way produced, reproduced, or recorded, and including but not limited to: originals, drafts, computer-sorted and computer-retrievable information, copies and duplicates that are marked with any notation or annotation or otherwise differ in any way from the original, correspondence, memoranda, reports, notes, minutes, contracts, agreements, books, records, checks, vouchers, invoices, purchase orders, ledgers, diaries, logs, calendars, computer printouts, computer disks, card files, lists of persons attending meetings or conferences, sketches, diagrams, calculations, evaluations, analyses, directions, work papers, press clippings, sworn or unsworn statements, requisitions, manuals or guidelines, audit work papers, financial analyses, tables of organizations, charts, graphs, indices, advertisements and promotional materials, audited and unaudited financial statements, trade letters, trade publications, newspapers and newsletters, photographs, emails, electronic or mechanical records, facsimiles, telegrams and telecopies, and audiotapes. Each draft, annotated, or otherwise non-identical copy is a separate DOCUMENT within the meaning of this term. DOCUMENTS shall also include any removable sticky notes, flags, or other attachments affixed to any of the foregoing, as well as the files, folder tabs, and labels appended to or containing any documents. DOCUMENTS expressly include all ELECTRONIC RECORDS.

3. "ELECTRONIC RECORDS" shall mean the original (or identical duplicate when the original is not available) and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings of every kind and description inscribed by mechanical, facsimile,

electronic, magnetic, digital, or other means. ELECTRONIC RECORDS includes, by way of example and not by limitation, computer programs (whether private, commercial, or work-in-progress), programming notes and instructions, activity listings of email transmittals and receipts, output resulting from the use of any software program (including word processing documents, spreadsheets, database files, charts, graphs and outlines), electronic mail, and any and all miscellaneous files and file fragments, regardless of the media on which they reside and regardless of whether said ELECTRONIC RECORDS exists in an active file, deleted file, or file fragment. ELECTRONIC RECORDS includes without limitation any and all items stored on computer memories, hard disks, diskettes and cartridges, network drives, network memory storage, archived tapes and cartridges, backup tapes, floppy disks, CD-ROMs, removable media, magnetic tapes of all types, microfiche, and any other media used for digital data storage or transmittal. ELECTRONIC RECORDS also includes the file, folder tabs, and containers and labels appended to or associated with each original and non-identical copy.

4. "COMMUNICATION(S)" means any oral, written or electronic transmission of information, including but not limited to meetings, discussions, conversations, telephone calls, telegrams, memoranda, letters, telecopies, telexes, conferences, messages, notes or seminars.

5. "RELATING TO," "RELATED TO" or "RELATE(S) TO" means constituting, containing, concerning, embodying, reflecting, identifying, stating, mentioning, discussing, describing, evidencing, supporting, or in any other way being relevant to that given subject matter.

6. ALL" shall be understood to include and encompass "ANY," and "ANY" shall be understood to include and encompass "ALL."

7. "PLAINTIFF" or "Fitbit" shall mean Plaintiff FITBIT, INC.

8. "DEFENDANTS," "YOU" and "YOUR" shall mean Defendants P-COVE ENTERPRISES, INC. DBA BUYERS CONSULTATION SERVICE and ENVIRONMENTAL LIQUIDATION, INC., and any of their subsidiaries, sister companies, affiliates, dbas, officers, directors, employees, contractors, agents, and/or other PERSONS acting on YOUR behalf.

9. "IDENTIFY" shall mean shall mean to state the full name of, the subjects of which

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

BROWN WHITE & OSBORN LLP
ATTORNEYS

# EXHIBIT I

party who must answer in writing under oath). An objection to Rule 33 Interrogatories as defective for seeking responses by multiple parties is proper. *Calloway*, 2012 WL 929607, at *4 (denying Plaintiff's Motion to Compel responses to Interrogatories because the Interrogatories sought joint responses from multiple parties).

**INTERROGATORY NO. 20:**

If YOU denied, in whole or in part, Fitbit's Interrogatory for Admission No. 227, STATE ALL FACTS that RELATE TO YOUR denial.

***RESPONSE TO INTERROGATORY NO. 20:***

Responding Parties incorporate their General Objections. Notwithstanding, expressly reserving, and without waiving any and all substantive objections to this Interrogatory, Responding Parties further object to this Interrogatory as defective as to form. Propounding Party has addressed the Interrogatory to two (2) separate defendants, in violation of Fed. Rule Civ. Pro. 33. Federal Rule of Civil Procedure ("Rule") 33(a)(1) does not provide for joint responses by multiple parties. *Calloway v. Veal*, No. CIV S-09-2907 GEB, 2012 WL 929607, at *2 (E.D. Cal. Mar. 19, 2012) (denying Plaintiff's Motion to Compel because Plaintiff's Interrogatories were improper in seeking joint responses from both Defendants). *See also* Rule 33(a) ("a party may serve on any other party no more than 25 written interrogatories") (emphasis added); Fed. R. Civ. Pro. 33(b)(1), (3) (referring to a singular answering party who must answer in writing under oath). An objection to Rule 33 Interrogatories as defective for seeking responses by multiple parties is proper. *Calloway*, 2012 WL 929607, at *4 (denying Plaintiff's Motion to Compel responses to Interrogatories because the Interrogatories sought joint responses from multiple parties).

**INTERROGATORY NO. 21:**

If YOU denied, in whole or in part, Fitbit's Interrogatory for Admission No. 243, STATE ALL FACTS that RELATE TO YOUR denial.

***RESPONSE TO INTERROGATORY NO. 21:***

BROWN WHITE & OSBORN LLP ATTORNEYS