UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FITBIT, INC.,<br>    Plaintiff,<br>v.<br>P-COVE ENTERPRISES, et al.,<br>    Defendants. | Case No. 3:17-cv-00079-EMC  (KAW)<br>**ORDER REGARDING 5/2/18 JOINT LETTER**<br>Re: Dkt. No. 223 |

On May 2, 2018, the parties filed a joint letter concerning two issues. (Joint Letter, Dkt. No. 223 at 1.) First, whether Fitbit may object and refuse to answer the first set of interrogatories propounded by Defendant ELI and the first set of interrogatories propounded by Defendant Manhan on the grounds that the interrogatories, in combination with the interrogatories propounded by Defendants BCS and Baker, exceed the 25 interrogatory limit set by Federal Rule of Civil Procedure 33. *Id.* Second, whether Defendants may properly object to and refuse to answer Fitbit's Requests for Admission and Fitbit's Interrogatories (Set Two) on the grounds that Fitbit propounded them as a single set directed at multiple defendants, rather than propounding them as separate documents to each named defendant. *Id.*

**A.  Written Discovery to Fitbit**

On February 8, 2018, Defendants BCS, ELI, Manhan, and Baker each served, separate and distinct sets of interrogatories on Fitbit. (Joint Letter at 1.) On March 14, 2018, Fitbit served its responses and objections to the four sets of interrogatories. *Id.* Specifically, Fitbit responded to the interrogatories propounded by Defendants BCS and Baker, but objected to the 25 interrogatories propounded by Defendant ELI and the 14 interrogatories propounded by Defendant Manhan under Federal Rule of Civil Procedure 33, because they exceeded the 25 interrogatory limit, and on that

ground, refused to respond. *Id.*

Defendants now seek to compel Fitbit's responses to those 39 interrogatories on the grounds that each party is entitled to propound 25 interrogatories under Rule 33 absent stipulation or court order. (Joint Letter at 2.) In opposition, Fitbit argues that it properly objected to the Manhan and ELI interrogatories as exceeding Rule 33's numerical limit, because the four sets of interrogatories propounded by the BCS Defendants seek discovery on behalf of only BCS. (Joint Letter at 4.) For example, Fitbit represents that "the documents themselves plainly demonstrate that they are nothing more than follow-on requests to the original 25 BCS Interrogatories," because they each seek facts, witnesses, and documents related to Fitbit's responses to the Requests for Admission propounded by Defendant BCS rather than the propounding party—Mr. Manhan or ELI, respectively. *Id.* While the parties did not attach the propounded interrogatories to the joint letter—which would have been ideal—the undersigned notes that Defendants do not dispute this characterization. Moreover, Fitbit argues that Mr. Manhan owns and runs BCS and ELI, neither of which has any employees, and Mr. Baker is Mr. Manhan's head of business development, thereby rendering the parties nominally separate. *Id.*

Given that the propounded interrogatories do not reference the propounding parties, and instead reference discovery propounded by BCS, it is evident that Defendants are attempting to circumvent Rule 33. While Defendants are correct that, generally, separate parties are entitled propound 25 interrogatories each, the court can limit the number of interrogatories "to enforce the spirit of the 25-interrogatory limit." *See* Interrogatories, Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 11(IV)-B ¶11.1687 (2018). Here, enforcing the spirit of Rule 33 requires that Fitbit's objections be sustained.

Accordingly, the undersigned denies Defendants' request to compel responses to the 39 remaining interrogatories.

**B.  Written Discovery to Defendants**

On March 7, 2018, Fitbit propounded its first set of Requests for Admission, naming all four defendants as responding parties. (Joint Letter at 2, Exs. F.) On April 6, 2018, Defendants served objections to Fitbit's Requests for Admission on the grounds that all 264 requests were

1  served as one set, on all four Defendants jointly, in contravention of Rule 36, which requires that

2  written requests for admission be served on an individual party. (Joint Letter at 2, Ex. G.)

3  Similarly, on March 8, 2018, Fitbit propounded nine interrogatories in one set and named

4  both BCS and ELI as responding parties. (Joint Letter at 2, Ex. H.) On April 9, 2018, Defendants

5  BCS and ELI served objections to Fitbit's Interrogatories on the grounds that the interrogatories

6  similarly violated Rule 33, arguing that they were improperly directed to more than one party

7  simultaneously. (Joint Letter at 2, Ex. I.)

8  Defendants contend that the Federal Rules of Civil Procedure require that written

9  discovery be propounded individually on each party rather than jointly. (Joint Letter at 2, 7.) In

10 opposition, Fitbit argues that it served the discovery requests on each of the respective BCS

11 Defendants, because they were named separately as a responding party. (Joint Letter at 8.) The

12 Court agrees, because what Fitbit did was the equivalent of propounding identical, separate sets of

13 requests and interrogatories.

14 Accordingly, the Court orders the four BCS Defendants to each separately respond to the

15 requests for admission and for BCS and ELI to respond to the nine interrogatories within 7 days of

16 this order.

17 Based on the volume and nature of the discovery disputes recently filed, the Court is

18 concerned that the parties are not sufficiently meeting and conferring prior to filing their joint

19 letters. The parties are reminded of their obligation to meet and confer in good faith, and are

20 directed to review the Northern District's Guidelines for Professional Conduct, which should aid

21 them in their future interactions in an effort to avoid the expense of unnecessary motion practice

22 and to promote the interests of judicial economy. (Available at:

23 *https://cand.uscourts.gov/professional_conduct_guidelines*).

24 IT IS SO ORDERED.

25 Dated: May 14, 2018

KANDIS A. WESTMORE
United States Magistrate Judge

3