UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FITBIT, INC.,<br>   Plaintiff,<br>  v.<br>P-COVE ENTERPRISES, et al.,<br>   Defendants. | Case No. 3:17-cv-00079-EMC (KAW)<br>**ORDER REGARDING 5/10/18 JOINT LETTER**<br>Re: Dkt. No. 225 |

On May 10, 2018, the parties filed a joint letter asking the undersigned to resolve two disputes concerning Fitbit's requests for production: (1) whether Defendants must produce text messages that were allegedly exchanged between Defendant Jonathan Manhan and former co-Defendant Carlos Kelvin that Mr. Manhan asserts are not in his possession but which Fitbit alleges are in his custody or control; and (2) whether Defendants must produce BCS and ELI's complete relevant accounting and financial records as a QuickBooks datafile, which Defendants assert have already been produced to Fitbit in Adobe .pdf and Excel file formats. (Joint Letter, Dkt. No. 225 at 1.)

**A. Text messages**

On March 21, 2018, Mr. Manhan underwent deposition, and testified that he had exchanged text messages with Mr. Kelvin. (Joint Letter at 1.) Fitbit contends that "[t]he heart of [its] case revolves around Mr. Manhan and Mr. Kelvin and their agreement together to resell refurbished Fitbit products, while representing to Fitbit that those products would be destroyed or recycled at the commodity level." (Joint Letter at 3.) As a result, Fitbit contends that Defendants have given no indication as to the efforts to obtain the text messages, and, even if they were deleted, they are within Mr. Manhan's possession, custody, or control, because he can request

1  them from his wireless carrier. *Id.*

In opposition, Defendants argue that Fitbit is demanding the production of text messages that Mr. Manhan does not have. (Joint Letter at 5.) Furthermore, Defendants argue that Mr. Manhan is not obligated to contact his wireless carrier in an attempt to retrieve the old text messages. *Id.* The Court agrees. If Defendants do not have the text messages, Plaintiff can subpoena them from the wireless carrier. Defendants shall, however, cooperate with Plaintiff in its efforts to serve the third party subpoena, including providing Plaintiff with the name of the wireless carrier, the relevant phone numbers, and any other specific information required for the subpoena to issue. Moreover, Defendants will not object to, or otherwise impede, the production of the responsive information from the third-party, wireless carrier.

### B. QuickBooks data

During his deposition, Mr. Manhan "testified that BCS uses QuickBooks software for accounting, and that certain records, including payments made to Fitbit, invoices exchanged with Defendant Cali Resources, and invoices sent or received by Defendant ELI, are located in BCS's QuickBooks records." (Joint Letter at 1.)

Fitbit argues that the QuickBooks records reflect the invoices exchanged between Defendants and Cali Resources, which are relevant to the damages analysis. (Joint Letter at 2.) Fitbit believes that the complete picture of Defendants' finances and accounting is reflected in the QuickBooks records, and that the already-produced invoices offer only "small, piecemeal snapshots of Defendants' accounting and financial status." *Id.*

In opposition, Defendants argue that they have already twice produced the entirety of the responsive QuickBooks records, and that Fitbit's argument appears to be based on confusion about what QuickBooks is. (Joint Letter at 4.) Defendants represent that QuickBooks is a computer program that stores a database of information, rather than a repository of documents, and that "QuickBooks records" are documents generated from the QuickBooks program in the form of pdf or Excel files. *Id.*

The Court notes that Fitbit does not address how the native QuickBooks records would provide a more complete picture of Defendants' financial position or explain why the format

matters. Thus, Fitbit has not met its burden to compel the same documents in the native, QuickBooks format. Thus, to the extent that the documents have already been produced in Excel and pdf formats, the Court will not require that the information be produced again in QuickBooks format. To the extent that Defendants have not produced QuickBooks-generated documents for ELI or have withheld BCS documents that could be generated by QuickBooks, they are ordered to do so within 7 days of this order, and shall do so in both Excel and pdf formats, to ensure that Plaintiff has a complete picture of Defendants' finances and accounting.

IT IS SO ORDERED.

Dated: May 15, 2018

KANDIS A. WESTMORE
United States Magistrate Judge