UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FITBIT, INC.,<br>　　　　Plaintiff,<br>　　v.<br>P-COVE ENTERPRISES, et al.,<br>　　　　Defendants. | Case No. 3:17-cv-00079-EMC (KAW)<br>**ORDER REGARDING 5/4/18 JOINT LETTER RE TESTIMONY OF JONATHAN MANHAN**<br>Re: Dkt. No. 224 |

On May 4, 2018, Plaintiff Fitbit, Inc. and Defendant Jonathan Manhan filed a joint letter concerning whether Mr. Manhan must provide additional deposition testimony regarding his personal assets and the topics which Fitbit contends were improperly impeded by Mr. Manhan's counsel at his March 21, 2018 deposition. (Joint Letter, Dkt. No. 224 at 1.)

Upon review of the joint letter, the Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and, for the reasons set forth below, orders Mr. Manhan to provide additional testimony regarding his specific assets and any other topics noticed in the original deposition notice.

## I. BACKGROUND

Defendant Jonathan Manhan appeared at his noticed deposition on March 21, 2018. (Joint Letter at 1.) On the day of the deposition, the BCS Defendants produced more than 1,600 pages of documents that they had recently discovered on a standalone computer. *Id.* During that deposition, Thomas Brown, counsel for Mr. Manhan made objections and statements on the record which Fitbit contends were improper and obstructive. *Id.* Mr. Brown, on the other hand, contends that the objections were proper and that Mr. Manhan's deposition was not impeded at all. *Id.*

On March 29, 2018, Fitbit sent a meet and confer letter to defense counsel raising three

issues: (1) the document production on the day of the deposition; (2) the instruction not to answer questions, including regarding Mr. Manhan's individual assets; and (3) Fitbit's contention that counsel's objections obstructed and impeded the deposition. *Id.* Therein, Fitbit requested an additional three hours of deposition time. *Id.*

On April 5, 2018, the parties held a telephonic meet and confer, in which the parties partially resolved their dispute. *Id.* Counsel for Mr. Manhan agreed to produce Mr. Manhan for an additional three hours of testimony "on the topics of his net worth subject to the terms of the Protective Order and on the documents produced on March 21, 2018, Bates Range BCS 009095-BCS010767." *Id.* Defendant did not agree to produce Mr. Manhan to answer questions on any other topics.

On May 4, 2018, the parties filed the instant joint letter.[1]

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 30(a)(1) provides that, subject to certain limitations, "[a] party may, by oral questions, depose any person, including a party, without leave of court. . . ." During a deposition, an attorney may properly state objections "concisely in a nonargumentative and nonsuggestive manner." Fed. R. Civ. P. 30(c)(2). Generally, instructions not to answer are improper. *Detoy v. City and County of San Francisco*, 196 F.R.D. 362, 365 (N.D. Cal. 2000) (citation omitted). "A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2); *see also Shapiro v. Paul Revere Life Ins. Co.,* 1997 WL 601430, at *1 (N.D. Cal. Sept. 18, 1997). "If a party believes that a particular question asked of a deponent is improper for any other reason, that party may object; however, 'the examination still proceeds; the testimony is taken subject to any objection.'" *Mendez v. R+L Carriers, Inc.,* 2012 WL 1535756, at *1 (N.D. Cal. Apr. 30, 2012) (quoting Fed. R. Civ. P. 30(c)(2)) (citing *Universal*

---

[1] The parties did not structure the joint letter in the format outlined in the undersigned's standing order. (*See* Judge Westmore's General Standing Order ¶ 13.) The required format ensures that the parties are addressing the same issues, which enables the Court to timely resolve any remaining disputes. Here, the parties should have formatted the letter by deposition topic. The parties are advised that the failure to file a properly formatted letter in the future will result in the termination of the letter without resolution and without regard for any applicable case deadlines.

*Trading & Inv. Co. v. Kiritchenko*, 2007 WL 2300740, at * 3 (N.D. Cal. Aug. 2, 2007)).

### III. DISCUSSION

Since the parties have agreed to have Mr. Manhan appear for three additional hours to testify on his net worth and the documents produced on the day of his deposition, the undersigned need only address whether Mr. Manhan must testify in detail regarding his individual assets, and whether Fitbit may depose him on other topics that it contends were impeded by defense counsel's objections and coaching.

#### A. Whether Mr. Manhan may be deposed regarding his specific assets.

Fitbit contends that Mr. Manhan may be deposed regarding his specific assets, because he is named as an individual defendant, and has testified that he is the sole officer and director of corporate defendants BCS and ELI. (Joint Letter at 3.)

In opposition, Mr. Manhan argues that he should only have to testify regarding his net worth, which is the only substantive topic on which counsel instructed him not to answer. *Id.* He further contends that, "[a]bsent a particular factual relevance of a particular asset (Fitbit concedes there is none), questioning regarding overall net worth is all that is permitted, because questions regarding specific assets would not be reasonably likely to lead to the development of relevant evidence." (Joint Letter at 4.) Defendant cites *LL B Sheet 1, LLC v. Loskutoff*, Case No. 16-cv-02349 BLF (HRL), 2016 WL 7451632, at *3 (N.D. Cal. Dec. 28, 2016), in support of his position, but that reliance is misplaced. *See id.* at 4. In *LL B Sheet 1,* the court permitted discovery regarding the defendants' net worth and financial condition as it related to their current assets and liabilities, including the accounting of profits, income, losses, and expenses for the past two years. 2016 WL 7451632, at *3. The court reasoned that the "[d]iscovery of Defendants' net worth and financial condition should be limited to information about [his] current assets and liabilities, given that 'past earnings and net worth cannot reasonably lead to relevant information on the issue of punitive damages.'" *Id.* (quoting *Vieste, LLC v. Hill Redwood Dev.*, No. C-09-cv-04024 JSW (DMR), 2011 WL 855831, at *3 (N.D. Cal. Mar. 9, 2011)(other citations omitted)).

Here, however, Fitbit maintains that "Mr. Manhan's testimony regarding his personal financial condition and assets are essential to ascertaining his profits from the sale of scrap Fitbit

3

branded products, addressing potentially severe wrongdoing by the BCS Defendants, and ensuring enforcement of Fitbit's rights." (Joint Letter at 3.) The Court agrees. Defendant's narrow interpretation of financial condition, which appears to be limited to net worth, is simply not tenable, particularly given that the knowledge of Mr. Manhan's individual assets are in his possession rather than Fitbit's. (*See* Joint Letter at 4.) Also, relevancy is generally not an appropriate objection during a deposition. As such, an instruction not to answer based on relevancy is entirely improper. (Manhan Tr., Joint Letter, Ex. 1 at 20:21-21:1.)

Moreover, like the *LL B Sheet 1* court, the undersigned finds that the current stipulated protective order in effect ameliorates any concerns that the financial information disclosed would be used for purposes beyond prosecuting, defending, or attempting to settle this litigation. *See LL B Sheet 1, LLC*, 2016 WL 7451632, at *3.

Accordingly, Mr. Manhan is ordered to testify regarding his specific assets subject to the stipulated protective order.

**B.  Whether Fitbit may depose Mr. Manhan on other topics that were impeded by counsel.**

Fitbit contends that "the scope of examination should not be limited because Mr. Manhan's counsel's objections, coaching, and instructions were plainly inappropriate." (Joint Letter at 2.) Mr. Manhan argues that he should only have to testify regarding his net worth and financial condition and the newly-produced documents. (Joint Letter at 5.)

Based upon a review of the transcript excerpts provided, the undersigned finds that Mr. Brown impeded Mr. Manhan's deposition testimony and improperly coached the witness. For example, in making an objection to a question regarding whether former co-Defendant Mr. Kelvin "lived up to the terms of the agreement that [Mr. Manhan] said [was] reached verbally," Mr. Brown objected on the impermissible grounds of lack of personal knowledge, lacks foundation and calls for speculation, and then suggested that his client not "guess" as to the answer. (Manhan Tr. at 108:4-109:11.)

///

///

Shortly thereafter, Mr. Brown again objected to a line of questioning regarding a payment from Cali Resources, and, instead of stating his objection to the record and allowing his client to answer, he essentially testified for his client:

Page 114

```
13     Q.  Do you recall receiving $500,000 in
14  payments from Cali Resources in that approximate
15  timeframe?
16     A.  I believe I did, yes.
17     Q.  And that doesn't seem to be a precise
18  50/50 split.
19  Do you see that?
20     MR. BROWN: Objection, this is a
21  snapshot of a point in time. We don't have prior
22  invoices that may have shown where those funds
23  came from. So that's not really a fair question.
24     MR. ALINDER: Tom, you are testifying
25  for the witness again.
```

Page 115

```
1     MR. BROWN: I'm not. You have to ask
2  him questions that make sense. Your question
3  doesn't make sense with -- let me finish
4  question. I don't talk over you. Don't talk
5  over me.
6     You are showing him Exhibit 51.
7  Exhibit 51 says it's as of 1-20-16. 1-20-16
8  shows the sales through that date, the cost of
9  goods sold and then there's a history that goes
10  back two months that shows payments.
11     That doesn't show what the expenses
12  were during that time period or the costs during
13  that time period.
```

(Manhan Tr. at 114:13-115:13.) This is not only argumentative, but Mr. Brown's objection and subsequent commentary are so suggestive that it is tantamount to witness testimony pertaining to Exhibit 51.

It is also improper to instruct a witness in a deposition not to answer a question until a question is rephrased. Thus, defense counsel's objections regarding Plaintiff's "compound" questions were argumentative, disruptive, and unnecessarily delayed the deposition. (Manhan Tr. at 62:11-64:24.) Instead, counsel could have stated his objections for the record and let Mr. Manhan answer it if he was able to. Instead, Mr. Brown proceeded to initiate an argument over an objection that may be meritorious at trial, but not at a deposition, and wasted the time of everyone

involved. *See id.*

While counsel's defense of his witness was replete with improper objections, suggestive instructions, and obstructive tactics, the parties did not properly format their joint letter, making it difficult to determine which topics Fitbit believes were impeded by defense counsel and require additional testimony. Given the improper nature of Mr. Brown's conduct, the undersigned declines to limit the noticed deposition topics, and, instead finds that the agreed upon three hours of additional time serves as an adequate temporal limit to the breadth of the testimony sought. The parties are reminded that they should not impede nor obstruct questioning, or seek to coach the witness during the deposition, and should refrain from asking questions that are unnecessarily argumentative. The parties, and in particular Mr. Brown, are directed to review the Northern District's Guidelines for Professional Conduct ¶ 9, as it pertains to depositions. (*Available at:* https://cand.uscourts.gov/professional_conduct_guidelines.) Future conduct that violates the Guidelines will not be tolerated and may result in the imposition of sanctions.

### IV. CONCLUSION

For the reasons set forth above, Mr. Manhan is ordered to testify regarding his specific assets and the scope of the additional three hours of testimony is limited only to the topics in the original deposition notice.

IT IS SO ORDERED.

Dated: May 15, 2018

_____
KANDIS A. WESTMORE
United States Magistrate Judge