# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FITBIT, INC.,<br>  Plaintiff,<br>  v.<br>P-COVE ENTERPRISES, et al.,<br>  Defendants. | Case No. 3:17-cv-00079-EMC (KAW)<br>**ORDER REGARDING 5/22/18 AND 5/24/18 JOINT LETTERS**<br>Re: Dkt. Nos. 229, 232 |

  The parties filed two joint letters on May 22 and May 24, 2018. (Dkt. Nos. 229 & 232.) The first letter concerns Defendants' requests for production of documents that seeks reports from OpSec Security. (5/22 Joint Letter, Dkt. No. 229.) The second letter concerns Fitbit's 75 requests for admission that seek to have Defendants authenticate documents as business records that were producing during discovery. (5/24 Joint Letter, Dkt. No. 232.)

  As to May 22, 2018 letter, Fitbit is ordered to produce any OpSec reports that include any discussion of the time period prior to when the case was filed, because, as drafted, the requests are overbroad in time and scope, as there are no temporal limits. (5/22 Joint Letter, Ex. A.) If, as Fitbit contends, that no such reports exist, then Fitbit has satisfied its burden. (*See* 5/22 Joint Letter at 4.) If reports do concern any time period prior to the filing of this case, they must be produced even if they do not explicitly analyze the effect of the secondary market on Fitbit's sales, because relevancy is a broad standard. (*See* 5/22 Joint Letter at 3.)

  As to the May 24, 2018 letter, the undersigned cannot fathom why Defendants are refusing to authenticate documents that they produced in discovery. If the documents are not business records, they are free to deny the applicable request(s). The Court is not persuaded that the act of seeking authentication via requests for admission constitute an impermissible conclusion of law.

(*See* 5/24 Joint Letter at 4.)

Both parties shall provide supplemental responses within 7 days of this order.

IT IS SO ORDERED.

Dated: June 4, 2018

_____
KANDIS A. WESTMORE
United States Magistrate Judge